UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARVEY BRADY,

    Petitioner,

vs.                                     Case No. 2:05-cv-542-FtM-29SPC

WALTER A. MCNEIL, SECRETARY, DOC[1]

    Respondent.
_____

## **OPINION AND ORDER**

### **I. Status**

Petitioner, Harvey Brady, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on November 6, 2005.[2] Petitioner attaches exhibits in support of the Petition (Doc. #1-2; Exhs. A, B). Petitioner challenges his state court judgment of conviction of aggravated battery with a firearm entered in the Twelfth Judicial Circuit, DeSoto County, Florida. Petition at 1. Respondent filed a Response (Doc. #15, Response) with supporting exhibits (Exhs. 1-18; Vol. 1-2), including Petitioner's post-conviction motions and

---

[1] Walter A. McNeil, the current Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James McDonough, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Petition (Doc. #1) was docketed and filed with the Court on November 8, 2005; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

hearing transcripts. Petitioner filed a Reply (Doc. #23, Reply) and exhibits (Doc. #23, Exh. A-C). This matter is ripe for review

## II. Procedural History

Petitioner was charged by Information with one count of aggravated battery with a firearm on February 1, 2001. Exh. 18, Vol. 1 at 5-6. Petitioner proceeded to a jury trial on April 11-12, 2002, and was found guilty as charged. Exh. 18, Vol. 1 at 7. On June 2, 2002, the trial court sentenced Petitioner to thirty years in prison, with a twenty-five year minimum mandatory term. Exh. 18, Vol. 1 at 35-37.

Petitioner, through counsel, filed a direct appeal raising two issues:

> (1) Did the trial court err in submitting to the jury a verdict form that did not allow for a finding of aggravated battery with a deadly weapon; and
>
> (2) Did the trial court err in sentencing [Petitioner] beyond the statutory maximum for aggravated battery, a second degree felony.

Exh. 1. The State filed its answer brief. Exh. 2. On July 9, 2003, the appellate court *per curiam* affirmed the decision of the trial court. Exh. 3.

On October 3, 2003, Petitioner filed a *pro se* motion pursuant to Fla. R. Crim. P. 3.850. Exh. 5. Petitioner raised two grounds of relief, alleging that trial counsel rendered ineffective assistance for: (1) failing to file a motion to dismiss the charge against him; and (2) failing to advise Petitioner of the severity

of the penalty he faced should he proceed to trial, and failing to negotiate a plea bargain with the State. Id. On January 24, 2004, the trial court issued an order summarily denying both grounds. Exh. 6.

On March 2, 2004, Petitioner filed a "Memorandum of Facts and Law in Support of Motion for Postconviction Relief," in which Petitioner requested that the trial court vacate or dismiss his conviction, grant a new trial, or hold an evidentiary hearing. Exh. 7. Thereafter, on March 17, 2004, Petitioner filed an "Amended Memorandum of Facts and Law," in which he alleged that his sentence was illegal. Exh. 8. On April 2, 2004, Petitioner filed another "Amended Memorandum of Facts and Law" presenting nine additional grounds of relief. Exh. 9. On October 7, 2004, the trial court summarily denied most of the nine grounds raised in Petitioner's amended memorandum of facts and law. Exh. 10. On February 28, 2005, Petitioner filed an appeal of the trial court's order. Exh. 12. On July 8, 2005, the appellate court *per curaim* affirmed the trial court's order and mandate issued August 8, 2005. Exhs. 13, 14.

On July 18, 2005, Petitioner filed a motion challenging his sentence pursuant to Fla. R. Crim. P. 3.800(a). Exh. 15. The trial court summarily denied the motion on September 16, 2005. Exh. 16. Petitioner did not appeal the order. Exh. 17.

Petitioner filed the federal Petition *sub judice* raising two grounds of ineffective assistance of counsel:

> (1) Trial counsel rendered ineffective assistance by failing to file a motion to dismiss the charge/information.

> (2) Trial counsel rendered ineffective assistance by failing to inform Petitioner of "the severity of the penalty [sic] which the charge carried and how the 10/20/Life statute would effect Petitioner's sentence."

### III. Applicable § 2254 Law

Petitioner filed his timely[3] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

---

[3]The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent concedes that the Petition was timely filed. Response at 6. The Court agrees.

-4-

**A.  Deference to State Court Decision**

A federal court must afford a high level of deference to the state court's decision.  See, e.g., Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, ___ , 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is

ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not

-6-

apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of

correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim. Davis v. Sec'y Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003).

**B.  Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether

counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v.

Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### IV. Analysis

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

**Ground One**

Petitioner first argues that his trial counsel rendered ineffective assistance by failing to file a motion to dismiss the charge/information. Petition at 5. Petitioner argues that the State "failed to meet" the element of intent and as such trial

counsel "had a duty to file a motion to dismiss since the testimonial evidence clearly demonstrated how the witness did identify the victim and . . . Petitioner as fighting when the gun went off." In Response, Respondent refers this Court to the state post-conviction court's opinion and order addressing this issue, which Respondent argues is correct under state law. Response at 9-10. In particular, Respondent argues that "[t]he state court's rejection of Brady's first claim is objectively reasonable in light of state law holding that a pretrial (c)(4) motion is not available to dismiss a charge in which intent of the perpetrator is an element of the crime." Id. at 11. Thus, Respondent asserts that Petitioner cannot demonstrate deficient performance or prejudice when his counsel decided to not file a motion to dismiss. Id. at 11. In Reply, Petitioner argues that he satisfies Strickland and contends that the "testimonial evidence clearly disproved that this Petitioner, had intention to discharge the firearm and in the process to cause the victim severe injury." Reply at 3. Petitioner argues that "the victim continued to violate the restraining order by trespassing onto Petitioner's property." Id.

Petitioner raised this claim of ineffective assistance of counsel for failing to file a motion to dismiss in his Rule 3.850 motion filed with the trial court. The trial court denied Petitioner relief on this claim, finding, in pertinent part:

> Counsel was not deficient for failing to file a motion to dismiss the Information. In moving to dismiss, a defendant must allege in his motion that there are no

-11-

> material disputed facts and that the undisputed facts do not establish a *prima facie* case of guilt against the defendant. See State v. Kalogeropolous, 758 So.2d 110, 111 (Fla. 2000). In this case, the Defendant argues that counsel should have filed a motion to dismiss because he did not have the requisite mental intent to commit the crime with which he was charged. Nevertheless, "intent or state of mind is not an issue to be decided on a motion to dismiss under Rule 3.190(c)(4). Instead, it is usually inferred from circumstances surrounding the defendant's actions." State v. Rogers, 386 So. 2d 278, 280 (Fla. 2d DCA 1980). In this case, counsel did not have sufficient competent ground[s] for filing a motion to dismiss. Therefore, counsel was not deficient in her performance, nor was Defendant prejudiced by the failure to file such a motion.

Exh. 6. The Court finds the trial court's decision was neither contrary to, or an unreasonable application of clearly established federal law, nor was the decision an unreasonable determination of the facts in light of the evidence. The trial court correctly identified the Strickland requirements and determined that Petitioner did not satisfy the requirements. Petitioner argues that his defense counsel should have filed a motion to dismiss because the State did not establish the requisite intent. However, trial counsel cannot be faulted for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). The post-conviction trial court found that trial counsel did not have sufficient basis to file the motion to dismiss in this case because intent is not an issue to be decided on a motion to

dismiss. As such, Petitioner is denied relief with respect to ground one.

**Ground Two**

Petitioner next argues that his trial counsel rendered ineffective assistance by failing to inform Petitioner of "the severity of the penalty [sic] which the charge carried and how the 10/20/Life statute would effect Petitioner's sentence." Petition at 9. Petitioner argues that trial counsel did not advise "how the Petitioner would be facing a mandatory 25 years if a jury brought back a guilty verdict." Id. at 10. Instead, Petitioner contends that trial counsel informed him that the maximum sentence he would face was 15 years. Id. Additionally, Petitioner argues that trial counsel was ineffective for "not attempting to negotiate a plea bargain." Id. at 11. In particular, Petitioner contends that he was prejudiced because "[t]heres [sic] no doubt that this Petitioner would have agreed to accept a plea which would have allowed the Petitioner to receive a lesser sentence." Id.

In Response, Respondent refers the Court to the relevant part of the post-conviction court's order, arguing that Petitioner has not satisfied the requisite elements. See generally Response at 12-16. In Response, Respondent argues that Petitioner has not established that he was prejudiced by trial counsel's failure to negotiate a plea. In pertinent part, Respondent avers:

> that there is no evidence that the State would have been willing to negotiate a plea bargain, but most important,

-13-

> Brady never alleged in his Rule 3.850 motion that had defense counsel correctly advised him regarding the maximum sentence he could receive after conviction at trial, Brady would have waived his right to a jury trial and elected to enter a guilty plea to the charge. Nor did Brady allege that if the State Attorney had offered a plea bargain, he would have accepted the bargain in lieu of proceeding to trial.

Response at 12-13. Respondent further notes that Petitioner's allegation in the Petition *sub judice* that he would have agreed to accept the plea "comes too late." Id. at 13. Last, counsel for Respondent notes that she was unable to locate any precedent on point with the factual scenario *sub judice* from the United States Supreme Court. Id. at 15. Thus, Respondent argues that the trial court's decision cannot be found contrary to clearly established governing federal law. Id. In Reply, Petitioner reasserts the arguments he raises in the Petition *sub judice*. Reply at 9.

As stated above, Petitioner raised this ground in his rule 3.850 motion filed with the trial court. The trial court denied Petitioner relief on this ground, finding:

> The Court first notes that the Defendant's claims are legally insufficient. See State v. Farnbaugh, 778 So. 2d 369 (Fla. 2d DCA 2001). Although the Defendant claims counsel "misadvised" him of the penalty he would face if he proceeded to trial, the Defendant fails to assert that he would not have gone to trial and accepted a plea had he been properly advised of the potential maximum sentence. Likewise, he asserts counsel was deficient in failing to negotiate a plea bargain with the State, but he fails to claim if such a bargain had been negotiated, he would have accepted it and foregone his chance to go to trial. He also fails to set out any reasonable factual or legal basis upon which his attorney could have negotiated a plea bargain for a sentence without a firearm specification pursuant to section 775.087(2),

> Florida Statutes, especially considering the strength of the State's case, *i.e.*, eyewitnesses who saw the Defendant struggle with the victim, pistol-whip the victim, and shoot him while he was lying on the ground, then return to him and ask him if he was dead yet.

Exh. 6.

Upon review of the record, the Court finds that the trial court's decision was neither contrary to, or an unreasonable application of clearly established federal law, nor was the decision an unreasonable determination of the facts in light of the evidence. Petitioner has the burden of showing that, but for counsel's errors, he would have plead guilty and would not have insisted on going to trial. Guerra v. Sec'y Dep't. of Corr., 271 Fed. Appx. 870 (citing Coulter, 60 F.3d at 1504)). As the trial court noted, Petitioner only argued that trial counsel was ineffective for not negotiating a plea, but did not argue that he would have forgone the trial and accepted a plea bargain. For the first time in the Petition *sub judice*, Petitioner argues that he would have accepted the plea agreement, had there been a plea. However, the Eleventh Circuit has found that a "defendant's 'after the fact testimony concerning his desire to plead [guilty], without more, [was] insufficient to establish that but for counsel's alleged advice or inaction, he would have [plead guilty]'" Guerra v. Sec'y Dep't. of Corr., 271 Fed. Appx. 870 (citing Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)). There is no indication in the record, and certainly no clear and convincing

evidence that Petitioner would have entered a plea in this case but for counsel's alleged errors. As such, Petitioner is denied relief on ground two.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** with prejudice.

2. The Clerk of Court shall: (1) terminate any pending motions, (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___24th___ day of February, 2009.

*[signature]*

JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record